**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION**

| | |
|---|---|
| ANTHONY EWERS, individually and on behalf of all others similarly situated,<br><br>　　　　　　　　　Plaintiff,<br>v.<br><br>PERATON, INC.,<br>　　　　　　　　　Defendant. | Case No. 1:22-cv-1374<br>Collective Action (29 U.S.C. § 216(b)) |

**COLLECTIVE ACTION COMPLAINT**

### SUMMARY

1. Peraton, Inc. ("Peraton") does not pay overtime to its technicians. Instead, Peraton pays them by the hour at the same hourly rate for all hours worked, even though they work many hours in excess of forty hours per week. Because this pay practice, commonly known as "straight-time-for-overtime," results in non-payment of overtime wages to Anthony Ewers and other similarly situated workers, Ewers brings this collective action to recover unpaid overtime wages and other damages under the Fair Labor Standards Act (29 U.S.C. § 201, *et seq.*) ("FLSA").

### JURISDICTION AND VENUE

2. This Court has original subject matter jurisdiction pursuant to 28 U.S.C. § 1331 because this action involves a federal question under the FLSA. 29 U.S.C. § 216(b).

3. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b), because a substantial part of the events giving rise to Plaintiff's claim occurred in this district.

### THE PARTIES

4. Ewers was employed by Peraton as an Electrician Technician.

5. Peraton is a national security company headquartered in Herndon, Virginia.

6. At all relevant times Peraton, or the enterprise of which Peraton is a part, had gross annual revenues that exceeded $1M.

7. As part of its operations, Peraton employs technicians that service and monitor equipment.

8. Peraton employed and/or jointly employed Ewers and the Class Members.

9. Ewers brings this action on behalf of himself and all other similarly situated technicians who were paid straight-time-for-overtime and who were employed by Peraton within the last three years.

10. Peraton paid these workers straight-time-for-overtime in violation of the FLSA.

11. Ewers' written consent to be a party is attached.

12. Ewers seeks to represent a class of similarly situated workers under the FLSA pursuant to 29 U.S.C. § 216(b) that is defined as:

> **All technicians employed by Peraton during the last three years who were paid straight-time-for-overtime (the "Class Members").**

## FACTS

13. At all times hereinafter mentioned, Peraton has been an employer within the meaning of section 3(d) of the FLSA, 29 U.S.C. § 203(d).

14. At all times hereinafter mentioned, Peraton has been part of an enterprise within the meaning of section 3(r) of the FLSA, 29 U.S.C. § 203(r).

15. At all times hereinafter mentioned, Peraton has been, or has been part of, an enterprise engaged in interstate commerce or in the production of goods for interstate commerce within the meaning of section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1) because it has had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person and in that said enterprise has had and has an annual gross volume of sales made or business done of

not less than the statutorily required $500,000 (exclusive of excise taxes at the retail level which are separately stated).

16. Peraton, at all relevant times, has had employees that handle, sell, or work on vehicles, computers, telephones, tools, surveillance equipment, and safety equipment that was produced for interstate commerce or that traveled in interstate commerce.

17. Ewers and the Class Members performed duties for Peraton that were integral to its operations, including servicing and monitoring electronics.

18. Ewers was employed by Peraton from October 1, 2018 to November 1, 2020.

19. Peraton paid Ewers and the Class Members at the same hourly rate for regular hours and hours worked in excess of forty in a workweek.

20. For example, Peraton paid Ewers $37 per hour for both regular and overtime hours.

21. Ewers and the Class Members do not receive overtime pay.

22. Ewers and the Class Members often work up to 84 hours per week.

23. Ewers and the Class Members worked daily shifts of 8-12 hours, up to seven days per week.

24. Peraton knew Ewers and the Class Members worked more than 40 hours in a week.

25. Peraton knew Ewers and the Class Members earned the same hourly rate for regular and overtime hours worked.

26. Peraton knew, or showed reckless disregard for, whether the Class Members were entitled to overtime under the FLSA.

27. Nonetheless, Peraton failed to pay Ewers and the Class Members overtime.

28. Peraton willfully violated the FLSA.

## CAUSE OF ACTION

29. By failing to pay Ewers the Class Members overtime at one-and-one-half times their regular rates, Peraton violated the FLSA's overtime provisions.

30. Because Peraton knew, or showed reckless disregard for whether, its pay practice violated the FLSA, Peraton owes these wages for the past three years.

31. Peraton owes Ewers and the Class Members an amount equal to the unpaid overtime wages as liquidated damages.

32. Ewers and the Class Members are entitled to recover all reasonable attorneys' fees, costs, and expenses incurred in this action.

## RELIEF SOUGHT

33. WHEREFORE, Ewers seeks relief against Peraton as follows:

    a. An Order designating this lawsuit as a collective action and permitting the issuance of a notice pursuant to 29 U.S.C. § 216(b) to all similarly situated individuals with instructions to permit them to assert timely FLSA claims in this action by filing individual Consents to Sue pursuant to 29 U.S.C. § 216(b);

    b. Judgment pursuant to Section 16(b) of the FLSA finding Peraton liable for unpaid back wages due to Ewers and the FLSA Class Members and for liquidated damages equal in amount to their unpaid compensation;

    c. Judgment awarding attorneys' fees, costs and pre- and post-judgment interest; and

    d. All such other and further relief as may be necessary and appropriate.

Respectfully submitted,

By:    /s/    *Zev H. Antell*
Harris D. Butler (VSB No. 26483)
Craig J. Curwood (VSB No. 43975)
Zev H. Antell (VSB No. 74634)
Samantha R. Galina (VSB No. 96981)
**BUTLER CURWOOD, PLC**
140 Virginia Street, Suite 302
Richmond, Virginia 23219
804-648-4848 - Telephone
804-237-0413 – Facsimile
harris@butlercurwood.com
craig@butlercurwood.com
zev@butlercurwood.com
samantha@butlercurwood.com

Richard J. (Rex) Burch*
Texas Bar No. 24001807
David I. Moulton*
Texas Bar No. 24051093
**BRUCKNER BURCH PLLC**
11 Greenway Plaza, Suite 3025
Houston, Texas 77046
Telephone: (713) 877-8788
Telecopier: (713) 877-8065
rburch@brucknerburch.com
dmoulton@brucknerburch.com

Michael A. Josephson*
Texas Bar No. 24014780
mjosephson@mybackwages.com
Andrew Dunlap*
Texas Bar No. 24078444
adunlap@mybackwages.com
**JOSEPHSON DUNLAP, LLP**
11 Greenway Plaza, Suite 3050
Houston, Texas 77046
713-352-1100-Telephone
713-352-3300 - Facsimile

*Motion for admission *pro hac vice* forthcoming

**Attorneys for Ewers and the Class**