# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF VIRGINIA
# ALEXANDRIA DIVISION

| | |
|---|---|
| ANTHONY EWERS, individually and on behalf of all others similarly situated<br><br>                Plaintiff,<br>v.<br><br>PERATON, INC.<br>                Defendant. | Civil Action No.: 1:22-cv-1374-AJT-WEF<br><br>District Court Judge Anthony J. Trenga<br><br>Magistrate Judge William E. Fitzpatrick |

### DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES

Defendant Peraton, Inc. ("Defendant") files this Answer and Affirmative Defenses to the Complaint [Dkt. 1] filed by Plaintiff Anthony Ewers ("Plaintiff" or "Ewers").

### PRELIMINARY STATEMENT REGARDING PLAINTIFFS VOLUNTARILY DISMISSING THIS ACTION OR DEFENDANT MOVING TO COMPEL ARBITRATION

Both Plaintiff and opt-in plaintiff Jaymar Rodriguez ("Rodriguez," and collectively with Ewers, the "Plaintiffs") signed arbitration agreements (collectively, the "Agreements"), as a condition of their employment with Defendant. These Agreements also prohibited them from bringing claims that arose during their employment with Peraton as a class or collective action. On December 29, 2022, Defendant was served with the Complaint. In accordance with the terms of the Agreements, on January 23, 2022 Defendant notified Plaintiffs' counsel of the Agreements and its demand that all claims asserted in this matter be resolved by arbitration. The Parties have been in discussions as to whether Plaintiffs will voluntarily proceed to arbitration or if Defendant

1

will be required to file a motion to compel arbitration. By filing these responsive pleadings, Peraton is not waiving its right to pursue arbitration and dismissal of the Plaintiffs' collective action claims.

**ANSWER**

1.

Defendant admits that Plaintiff has asserted claims under the Fair Labor Standards Act, but denies all remaining claims contained in Paragraph 1.

**JURISDICITION AND VENUE**

2.

Paragraph 2 of the Complaint is a conclusion of law and does not require a response. In an abundance of caution, Defendant denies Paragraph 2 because Plaintiffs agreed to pursue claims arising out of their employment in arbitration.

3.

Paragraph 3 of the Complaint is a conclusion of law and does not require a response. In an abundance of caution, Defendant denies Paragraph 3 because Plaintiffs agreed to pursue claims arising out of their employment in arbitration. Defendant further denies that it is liable, in any way, to Plaintiffs.

4.

Defendant admits that Ewers was its employee but denies that he was employed as an Electrician Technician.

5.

Defendant admits that it is headquartered in Herndon, Virginia. The remaining allegations in Paragraph 5 of the Complaint are denied as written.

6.

Defendant admits that it is had gross annual revenues that exceeded one million dollars during 2019 and 2020. The remaining allegations in Paragraph 6 of the Complaint are denied as written.

7.

Defendant denies Paragraph 7 of the Complaint as written.

8.

Defendant admits that it employed Ewers and Rodriguez. The remaining allegations of Paragraph 8 of the Complaint are denied. Defendant further denies that Ewers and Rodriguez can participate in a collective action as they waived that right by contract.

9.

Paragraph 9 of the Complaint does not require a response, but in an abundance of caution, denied. Defendant further denies that Ewers and Rodriguez can participate in a collective action as they waived that right by contract. Defendant further denies Paragraph 9 because Plaintiffs agreed to pursue claims arising out of their employment in arbitration.

10.

Paragraph 10 of the Complaint contains conclusions of law and does not require a response. In an abundance of caution, denied as written.

11.

Paragraph 11 of the Complaint does not require a response, but in an abundance of caution, denied as written. Defendant further denies that Ewers and Rodriguez can participate in a collective action as they waived that right by contract. Defendant further denies Paragraph 11 because Plaintiffs agreed to pursue claims arising out of their employment in arbitration.

12.

Paragraph 12 of the Complaint does not require a response, but in an abundance of caution, denied. Defendant further denies that Ewers and Rodriguez can participate in a collective action as they waived that right by contract. Defendant further denies Paragraph 12 because Plaintiffs agreed to pursue claims arising out of their employment in arbitration. Defendant further denies that it is liable to Ewers, Rodriguez, or any alleged class members.

**FACTS**

13.

Paragraph 13 of the Complaint is a conclusion of law and does not require a response.

14.

Paragraph 14 of the Complaint is a conclusion of law and does not require a response.

15.

Paragraph 15 of the Complaint is a conclusion of law and does not require a response.

16.

Paragraph 16 of the Complaint is a conclusion of law and does not require a response.

17.

Paragraph 17 of the Complaint contains conclusions of law and does not require a response. In an abundance of caution, denied as written Defendant further denies that Ewers and Rodriguez can participate in a collective action as they waived that right by contract.

18.

Denied.

19.

Defendant admits that Plaintiff Ewers was paid straight time for all hours worked. Defendant denies all remaining allegations contained in Paragraph 19. Defendant further denies that Ewers and Rodriguez can participate in a collective action as they waived that right by contract.

20.

Denied.

21.

Denied as written. Defendant further denies that Ewers and Rodriguez can participate in a collective action as they waived that right by contract.

22.

Defendant admits that Ewers occasionally was paid for working up to 84 hours per week, but denies that he "often" worked up to 84 hours per week. Defendant does not have sufficient information to admit or deny Paragraph 22 about unnamed "class members," so in an abundance of caution, Paragraph 22 is denied. Defendant further denies that Ewers and Rodriguez can participate in a collective action as they waived that right by contract.

23.

Defendant admits that Ewers typically worked daily shifts for eight hours, and sometimes worked longer shifts and sometimes worked up to seven days in a work week. Defendant does not have sufficient information to admit or deny Paragraph 23 about unnamed "class members," so in an abundance of caution, Paragraph 23 is denied. Defendant further denies that Ewers and Rodriguez can participate in a collective action as they waived that right by contract.

24.

Peraton admits that it knew that on occasion Ewers worked more than 40 hours in a week. Defendant does not have sufficient information to admit or deny Paragraph 24 about unnamed "class members," so in an abundance of caution, Paragraph 24 is denied. Defendant further denies that Ewers and Rodriguez can participate in a collective action as they waived that right by contract.

25.

Denied as to Ewers. Defendant does not have sufficient information to admit or deny Paragraph 25 about unnamed "class members," so in an abundance of caution, Paragraph 25 is denied. Defendant further denies that Ewers and Rodriguez can participate in a collective action as they waived that right by contract.

26.

Paragraph 26 of the Complaint contains conclusions of law and does not require a response. In an abundance of caution, denied as written. Defendant further denies that Ewers and Rodriguez can participate in a collective action as they waived that right by contract. Defendant further denies that it is liable to Ewers, Rodriguez, or any alleged class member.

27.

Denied as written. Defendant further denies that Ewers and Rodriguez can participate in a collective action as they waived that right by contract. Defendant further denies that it is liable to Ewers, Rodriguez, or any alleged class member.

28.

Paragraph 28 of the Complaint contains conclusions of law and does not require a response. In an abundance of caution, denied.

## CAUSE OF ACTION

29.

Paragraph 29 of the Complaint contains conclusions of law and does not require a response. In an abundance of caution, denied. Defendant further denies that Ewers and Rodriguez can participate in a collective action as they waived that right by contract. Defendant further denies that it is liable to Ewers, Rodriguez, or any alleged class member.

30.

Paragraph 30 of the Complaint contains conclusions of law and does not require a response. In an abundance of caution, denied. Defendant further denies that Ewers and Rodriguez can participate in a collective action as they waived that right by contract. Defendant further denies that it is liable to Ewers, Rodriguez, or any alleged class member.

31.

Paragraph 31 of the Complaint contains conclusions of law and does not require a response. In an abundance of caution, denied. Defendant further denies that Ewers and Rodriguez can participate in a collective action as they waived that right by contract. Defendant further denies that it is liable to Ewers, Rodriguez, or any alleged class member.

32.

Paragraph 32 of the Complaint contains conclusions of law and does not require a response. In an abundance of caution, denied. Defendant further denies that Ewers and Rodriguez can participate in a collective action as they waived that right by contract. Defendant further denies that it is liable to Ewers, Rodriguez, or any alleged class member.

## RELIEF SOUGHT

33.

Paragraph 33 of the Complaint, which contains Plaintiff's prayer for relief, does not require a response, but in an abundance of caution, Defendant denies Paragraph 33 and all of its subparts. Further, Defendant denies that it is liable in any way to Ewers, Rodriguez, or any alleged class member. Defendant further denies that Ewers and Rodriguez can participate in a collective action as they waived that right by contract. Defendant further denies Paragraph 12 because Plaintiffs agreed to pursue claims arising out of their employment in arbitration.

## AFFIRMATIVE AND OTHER DEFENSES

Defendant asserts the following affirmative or other defenses:

1. Plaintiffs' Complaint and the causes of action raised therein are subject to binding arbitration on an individual basis pursuant to an arbitration agreement entered into between Defendant and Plaintiffs and/or putative class member(s). Defendant specifically reserves its right to compel Plaintiffs and putative class members to pursue their claims in arbitration on an individual basis.

2. Plaintiffs and putative collective action members each agreed that disputes between Plaintiffs and Defendant would be resolved on an individual basis. Plaintiffs explicitly waived their right to pursue a class or collection action.

3. This matter is premature because Plaintiffs and putative collective action members each failed to pursue the initial remedies and/or required dispute resolution prerequisites to which they contractually agreed to prior to bringing suit against the Defendant.

4. Plaintiffs' demand for a trial by jury should be struck because Plaintiffs explicitly waived their right to a jury trial pursuant to an agreement entered into between Defendant and Plaintiffs and/or putative class members.

5. Plaintiffs and putative collective action members have failed to state a claim upon which relief can be granted.

6. Plaintiffs and/or putative collective action members exempt employees under the highly compensated employee exemption as they received a guaranteed minimum payment and their compensation is in excess of the applicable regulatory amount.

7. Plaintiffs and/or putative collective action members are exempt employees under the executive exemption as they regularly direct other employees.

8. Plaintiffs and/or putative collective action members are exempt employees under the professional exemption as they meet the underlying qualifications and his primary and/or regular duties involve the exercise of independent judgment and discretion and the application of skills usually learned in an advanced field of studies or through equivalent experience.

9. Plaintiffs and/or putative collective action members are exempt employees under the administrative exemption as they meet the underlying qualifications and their primary and/or regular duties involve the exercise of independent judgment and discretion as to matters of significance involving the general business operations of Defendant's customers.

10. Plaintiffs and/or putative collective action members are exempt from overtime requirements pursuant to the Motor Carrier Act exemption.

11. Plaintiffs and/or putative collective action members are exempt employees under the combination exemptions for reasons stated above.

12. Plaintiffs and putative collective action members have been fully compensated for all hours worked and for all overtime in accordance with the requirement of the FLSA. Moreover, their pay meets the requirements of 29 C.F.R. § 541.604.

13. Some or all of the activities that Plaintiffs and/or putative collective action members allege are compensable are not compensable activities under the applicable law, including but not limited to the Portal-to-Portal Act. Alternatively, any claim regarding hours worked is subject to reduction to comply with the Portal-to-Portal Act.

14. Plaintiffs and/or putative collective action members have suffered no damages; in the alternative, their damages are subject to, or barred by; estoppel, misrepresentation, and unclean hands, and they are entitled to only one satisfaction for any allegedly unlawful action or omission.

15. Defendant made reasonable, good-faith efforts to comply with, and to not violate, the FLSA; any alleged violations of law were not willful. Defendant followed common industry practice and acted in good faith, with reasonable grounds for believing that its actions or inactions or omissions were not in violation of the FLSA; and any complained-of act or omission was in good-faith conformity with and in reliance on applicable law, administrative regulations, orders, interpretations and/or administrative practice or policy enforcement, or judicial decisions pursuant to 29 U.S.C. §§ 258, 259, or other applicable authority.

16. Although Defendant denies that it has violated any aspect of the FLSA and thus has no liability under that statute, any alleged violation would be subject to the *de minimis* doctrine, which Defendant invokes.

17. Defendant specifically reserves all defenses available under Federal Rule of Civil Procedure 8(c).

18. Plaintiffs and/or putative collective action members have failed to take adequate steps to mitigate his damages. Alternatively, Defendant is entitled to a set off and/or credit for any amounts earned and/or any permissible set off available under the FLSA, including Defendant's payment to Plaintiffs and/or putative collective action members of straight time for hours worked beyond 40 hours per week, receipt of payments for which they were not eligible or for any advance payment of wages.

19. Subject to further discovery, Plaintiffs' and/or putative collective action members' alleged losses and damages, if any, are the result of, and directly related to, their own conduct, actions and/or failure to act.

20. Plaintiffs and/or putative collective action members are not entitled to costs, interest, attorney's fees, liquidated damages, or any other form of relief.

21. Some or all of Plaintiffs and/or putative collective action members claims are barred by the applicable statute of limitations.

22. Some or all of the Plaintiffs and/or putative collective action members claims are barred by the doctrines of waiver, justification, ratification, acquiescence, consent, unjust enrichment, and/or *res judicata*.

23. Plaintiffs and/or putative collective action members lack standing to bring one or more of their own claims. Some or all of the allegations in the Complaint are barred by the principles of satisfaction and accord or release.

24. Plaintiffs and/or putative collective action members cannot satisfy their burden of proof with respect to any alleged damages suffered.

25. Plaintiffs and/or putative collective action members claims for damages are capped or limited in accordance with applicable law.

## **PRAYER**

**WHEREFORE,** Defendant requests an award in arbitration as follows:

1. That Plaintiffs take nothing by reason of their Complaint, and that the same be dismissed;

2. That an award be entered in favor of Defendant and against Plaintiffs;

3. That Defendant be awarded its attorneys' fees incurred in this action according to proof; and

4. That the Court award Defendant such other relief as the Court deems proper.

/s/   *Joe R. Ward III*

Samuel Zurik (*pro hac vice to be filed*)
**The Kullman Firm**
A Professional Law Corporation
1100 Poydras Street, Suite 1600
New Orleans, Louisiana 70163-1600
T: 504-524-4162 | F: 504-596-4114
SZ@KullmanLaw.com

And

Joe R. Ward III, VSB 88587
**The Law Office of Joe Ward**
9968 Strathfield Lane
Highlands Ranch, CO 80126
Telephone:  (720) 364-5008
Email: jrw@jrwardlaw.com

**Counsel for the Defendant Peraton, Inc.**

## CERTIFICATE OF SERVICE

I certify that on the 10th day of February 2023, I caused to be served the foregoing pleading using the Court's CM/ECF system, on all counsel of record.

/s/ *Joe R. Ward III*

Joe R. Ward III
